U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2023 OCT -3 PM 2:33

CLERK

BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cr-00111 |
| | ) | |
| LEON DELIMA, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS COUNT ONE OF THE INDICTMENT**
(Doc. 35)

Pending before the court is Defendant Leon Delima's motion to dismiss Count One of the Indictment (Doc. 35), which charges Mr. Delima with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) Mr. Delima filed the pending motion on July 19, 2023, and the government opposed the motion on August 3, 2023. (Doc. 38.) Mr. Delima did not file a reply. The court held a hearing on August 7, 2023, at which time it took the pending motion under advisement.

The government is represented by Assistant United States Attorney Eugenia A. Cowles. Mr. Delima is represented by Assistant Federal Public Defender Sara M. Puls.

**I.   Conclusions of Law and Analysis.**

Under Federal Rule of Criminal Procedure 12(b), a defendant "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "[A] federal indictment can be challenged on the ground that it fails to allege a crime within the terms of the applicable statute." *United States v. Aleynikov*, 676 F.3d 71, 75-76 (2d Cir. 2012).

Section 922(g)(1) provides:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate

or foreign commerce.

18 U.S.C. § 922(g)(l). Citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), Mr. Delima seeks dismissal of Count One of the Indictment on the grounds that it violates his Second Amendment right to keep and bear arms. He challenges the constitutionality of § 922(g)(1) facially and as applied to him.[1]

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Mr. Delima argues that "the people" as referenced in the Constitution includes convicted felons. The government does not disagree, nor does this court.[2] However, "the people" and "law-abiding citizens" are not synonymous. *See, e.g., Medina v. Whitaker*, 913 F.3d 152, 154 (D.C. Cir. 2019) ("[F]elons are not among the law-abiding, responsible citizens entitled to the protections of the Second Amendment[.]"); *Hamilton v. Pallozi*, 848 F.3d 614, 626 (4th Cir. 2017) ("[W]e simply hold that conviction of a felony necessarily removes one from the class of 'law-abiding, responsible citizens' for the purposes of the Second Amendment[.]"); *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) ("[S]tatutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second

---

[1] "A 'facial challenge' to a statute considers only the text of the statute itself, not its application to the particular circumstances of an individual." *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 174 (2d Cir. 2006). "Generally, '[t]o succeed in a typical facial attack, [a plaintiff] would have to establish 'that no set of circumstances exists under which [the challenged statute] would be valid,' or that the statute lacks any 'plainly legitimate sweep.'" *Picard v. Magliano*, 42 F.4th 89, 101 (2d Cir. 2022) (alterations in original) (quoting *United States v. Stevens*, 559 U.S. 460, 472 (2010)). In contrast, an "as-applied challenge" "requires an analysis of the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the individual to whom it was applied of a protected right." *Field Day, LLC*, 463 F.3d at 174 (internal quotation marks omitted).

[2] *See District of Columbia v. Heller*, 554 U.S. 570, 580-81 (2008) (observing that since "in all six other provisions of the Constitution that mention 'the people,' the term unambiguously refers to all members of the political community, not an unspecified subset[,]" there is therefore "a strong presumption that the Second Amendment right is exercised individually and belongs to all Americans"); *United States v. Verdugo-Urquidez*, 494 U.S. 259, 265 (1990) (suggesting that "the people" referenced by the Second Amendment aligns with other constitutional provisions as encompassing "a class of persons who are part of a national community").

2

Amendment right of certain classes of people.").

In its decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. City of Chicago*, 561 U.S. 742 (2010), and *Bruen*, the Supreme Court "recognized that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense[,]" as well as "an individual's right to carry a handgun for self-defense outside the home." *Bruen*, 142 S. Ct. at 2122. In determining whether a firearm restriction violated the U.S. Constitution, the *Bruen* court articulated a new two-step analysis:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id.* at 2129-30.

If a challenged regulation "addresses a general societal problem that has persisted since the 18th century" and there is a "lack of a distinctly similar historical regulation addressing that problem[,]" a restraint on the right to bear arms may be unconstitutional. *Id.* at 2131. If a case "implicat[es] unprecedented societal concerns or dramatic technological changes[,]" courts must engage in "analogical reasoning" to compare historical and modern regulations and determine whether they are "relevantly similar" in "how and why the regulations burden a law-abiding citizen's right to armed self-defense." *Id.* at 2132-33. Although "courts should not 'uphold every modern law that remotely resembles a historical analogue, . . . analogical reasoning requires only that the government identify a well-established and representative historical *analogue*, not a historical *twin*." *Id.* at 2133 (emphasis in original). The court is "entitled to decide a case based on the historical record compiled by the parties." *Id.* at 2130 n.6.[3]

---

[3] The parties submit competing historical analyses as to whether felons were permitted to bear arms at the time of the Founding. Although both parties present persuasive arguments, the court finds the government's approach better supported by the historical record.

3

The government contends that the court need not reach the *Bruen* two-step analysis because *Bruen* did not abrogate the Second Circuit's ruling in *United States v. Bogle* that § 922(g)(1) is constitutional. *See United States v. Bogle*, 717 F.3d 281, 281-82 (2d Cir. 2013) (per curiam). Mr. Delima counters that *Bogle* is not controlling because it relies on dicta which *Bruen* abrogated.

As this court recently observed, "[a]lthough the Second Circuit's decision in *Bogle* preceded the Supreme Court's decision in *Bruen*, numerous courts have concluded that the *Bruen* did not abrogate or overrule *Bogle*." *United States v. Lane*, 2023 WL 5614798, at *6 (D. Vt. Aug. 24, 2023) (collecting cases and citing *Bogle* to support conclusion that § 922(g)(1) is constitutional after *Bruen*).[4] In reaching its holding, the *Bogle* court noted that it would "join every other circuit" and "affirm[] that § 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons[,]" 717 F.3d at 281-82, based on the Supreme Court's assurances in *Heller* and *McDonald* that "longstanding prohibitions on the possession of firearms by felons" remain constitutional. *Heller*, 554 U.S. at 626 ("[T]he right secured by the Second Amendment is not unlimited."); *McDonald*, 561 U.S. at 786 ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of

---

[4] *See also United States v. Davila*, 2023 WL 5361799, at *2 (S.D.N.Y. Aug. 22, 2023) ("*Bogle*'s holding thus remains binding on this Court."); *United States v. Harrison*, 2023 WL 4670957, at *6, *8 (N.D.N.Y. July 20, 2023) (observing that "about 140 district courts" and "multiple circuits have already considered and rejected" *Bruen* challenges to § 922(g)(1), and agreeing that "*Bogle* remains binding precedent in this Circuit on the constitutional question of felon disarmament under § 922(g)(l)"); *United States v. Hampton*, 2023 WL 3934546, at *12 (S.D.N.Y. June 9, 2023) (explaining that *Bruen* "does not disrupt or abrogate *Heller* and *McDonald*'s endorsements of felon-in-possession laws" and did not disturb the Second Circuit's binding precedent in *Bogle*); *United States v. Garlick*, 2023 WL 2575664, at *5 (S.D.N.Y. Mar. 20, 2023) ("*Bruen* does not alter the holding of *Bogle*[.]"); *United States v. Barnes*, 2023 WL 2268129, at *2 (S.D.N.Y. Feb. 28, 2023) ("Because *Bruen* did not disturb either of those two precedents, the Second Circuit's holding in *Bogle* continues to govern this issue."); *United States v. King*, 634 F. Supp. 3d 76, 83 (S.D.N.Y. 2022) (upholding § 922(g)(1) as constitutional in light of *Bogle*); *United States v. Sternquist*, 2023 WL 6066076, *5 (E.D.N.Y. Sept. 15, 2023) ("[T]his Court finds that § 922(g)(1) is constitutional on its face and does not violate the Second Amendment under established Second Circuit precedent.").

4

firearms by felons . . . . We repeat those assurances here.") (internal quotation marks omitted). This court adopts a similar approach.

The majority in *Bruen* explained that its decision not only did not abrogate *Heller* but was "consistent with *Heller* and *McDonald*," 142 S. Ct. at 2122, and merely "made the constitutional standard endorsed in *Heller* more explicit[.]" *Id.* at 2134; *see also id.* at 2131 (noting that *Bruen* applies the "test that we set forth in *Heller*"). Writing separately, several individual justices underscored that nothing in *Bruen* disturbed *Heller*'s and *McDonald*'s determination that a prohibition on felons possessing firearms was constitutional.[5] All members of the *Bruen* court further agreed that, under the Second Amendment, the government may not prohibit "law-abiding citizens" to possess firearms. 142 S. Ct. at 2135 n.8 (majority) ("[A] State may not prevent *law-abiding citizens* from publicly carrying handguns because they have not demonstrated a special need for self-defense.") (emphasis supplied).[6]

Although the Third Circuit recently held that § 922(g)(1) was unconstitutional as applied to a defendant convicted of making a false statement to obtain food stamps, that

---

[5] *See id.* at 2157 (Alito, J., concurring) (noting that *Bruen* does not "disturb[] anything that we said in *Heller* or *McDonald v. Chicago* . . . about restrictions that may be imposed on the possession or carrying of guns"); *id.* at 2162 (Kavanaugh, J., and Roberts, C.J., concurring) (quoting *Heller* and observing that "as *Heller* and *McDonald* established and the Court today again explains, . . . [p]roperly interpreted, the Second Amendment allows a 'variety' of gun regulations"); *id.* at 2189 (Breyer, Sotomayor, and Kagan, J.J., dissenting) ("Like Justice Kavanaugh, I understand the Court's opinion today to cast no doubt on that aspect of *Heller*'s holding."); *see also Vincent v. Garland*, 2023 WL 5988299, at *4 (10th Cir. Sept. 15, 2023) (concluding that "[g]iven the six Justices' reaffirmation of the *Heller* language[,] . . . *Bruen* did not indisputably and pellucidly abrogate [Tenth Circuit precedent]" upholding the constitutionality of the ban on felon firearm possession).

[6] *See also id.* at 2159 (Alito, J., concurring) ("All that we decide in this case is that the Second Amendment protects the right of *law-abiding people* to carry a gun outside the home for self-defense[.]) (emphasis supplied); *id.* at 2161 (Kavanaugh, J., concurring) ("Those features of New York's regime—the unchanneled discretion for licensing officials and the special-need requirement—in effect deny the right to carry handguns for self-defense to many 'ordinary, *law-abiding citizens*.'") (emphasis supplied) (citation omitted); *id.* at 2189 (Breyer, Sotomayor, and Kagan, J.J., dissenting) (understanding that the majority "cast[s] no doubt on that aspect of *Heller*'s holding").

5

decision was "a narrow one" limited to the facts of that case. *Range v. Attorney General United States of America*, 69 F.4th 96, 106 (3d Cir. 2023) (en banc) (upholding a challenge by defendant who pled guilty to a state misdemeanor offense of theft of food stamps that nonetheless qualified as a felony for purposes of § 922(g)(1) and noting that the ruling was "only as applied to him").[7] For the purposes of his as-applied challenge, Mr. Delima does not argue "that he is in any way comparable to the plaintiff in *Range*." *Lane*, 2023 WL 5614798, at *6.

In light of the foregoing, the court joins other courts in the Second Circuit in concluding that § 922(g)(1) is facially constitutional. Absent facts demonstrating how § 922(g)(1) "deprive[s] [Mr. Delima] of a protected right[,]" his as-applied challenge to the statute also fails. *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 174 (2d Cir. 2006).

## CONCLUSION

For the foregoing reasons, Mr. Delima's motion to dismiss Count One of the Indictment is DENIED. (Doc. 35.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 3rd day of October, 2023.

_____
Christina Reiss, District Judge
United States District Court

---

[7] *See also United States v. Sternquist*, 2023 WL 6066076, at *6 (E.D.N.Y. Sept. 15, 2023) (recognizing the *Range* decision "was limited in precedential value by the *Range* [c]ourt itself to the specific and unusual facts of that case"); *United States v. Harrison*, 2023 WL 4670957, at *8 (N.D.N.Y. July 20, 2023) (declining to extend *Range* to a defendant with a "federal drug conviction" and observing that "the list of post-*Bruen* precedent . . . favorable to defendant's Second Amendment text-and-history argument basically begins and ends with the *en banc* opinion in *Range*").